BERNADINE MARIE PAWLOWSKI, Plaintiff-Appellant, *v.* MAXINE BEATRICE DARNALL, Individually and as Trustee under the Will of Herman H. Jasper, Defendant-Appellee.

(No. 12224; ▮▮▮▮▮▮▮▮▮▮)

Fourth District—November 30, 1973.

William A. Allison, of Bloomington, for appellant.

Costigan, Wollrab, Fraker & Wochner, of Bloomington, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an appeal from the granting of summary judgment and other relief by the circuit court of McLean County in favor of defendant-trustee, Maxine Darnall, in an action brought by her sister, Bernadine Marie Pawlowski, seeking a surcharge for losses and misappropriations, a denial of compensation, and an accounting. On appeal the sole issue is whether or not the trial court erred in granting defendant's motion for summary judgment.

On January 25, 1961, Herman H. Jasper, the father of the parties to this suit, died leaving a Will that was subsequently admitted to probate. The Will conveyed Mr. Jasper's business, the Bloomington Gun Co., in trust to his wife and defendant as trustees to operate the business for the

sole benefit of the beneficiaries—Mrs. Jasper, defendant and plaintiff. Ten years after decedent's death business was to be sold and the proceeds divided equally between the beneficiaries. Other relevant provisions of the Will provided:

"Fourth: My said trustees shall have the sole and exclusive right to manage and control said business * * * as amply as though they were the absolute owners thereof * * * and my said trustees are not to be held accountable to anyone for errors in judgment in the transaction of said business.

* * *

Sixth: My said trustees shall have the power to employ at such salary as they shall deem fit, such employees as they deem necessary to carry on said business, and my said trustees * * * shall receive such salary or renumeration for managing and operating said business as they shall deem reasonable and proper.

Seventh: * * * It shall be lawful for either my wife * * * or my daughter * * * to purchase the other interest in said business at the fair cash market value thereof as determined by three disinterested appraisers * * *."

In 1965, defendant purchased the decedent's wife's one-third beneficiary interest and has solely operated the business since that time. The plaintiff, a California resident, commenced this action after the expiration of the 10 year period provided by the Will. On September 29, 1972, defendant moved for summary judgment pursuant to Ill. Rev. Stat. 1971, ch. 110, sec. 57, and attached to the motion the discovery deposition of defendant and copies of financial reports of the business showing income, expenses, inventory and merchandise purchased for the years in question. Defendant also added an appraisal and moved to purchase the one-third interest of the business from the plaintiff for $9,000, one-third of the appraised value of $27,000. A hearing was held on defendant's motion, and on January 12, 1973, summary judgment was rendered in favor of defendant, the trust was ordered terminated, and defendant was permitted to tender $9,000 to the plaintiff.

The nature of the business included the sale of guns, ammunition, and other sporting equipment and notary public service on licenses. In her discovery deposition defendant stated that her weekly salary was $75, but beginning in 1968, her compensation came entirely out of notary and license fees—the maximum being $5,000 in 1971. During this period such fees were not included in the gross receipts of the business but were included on her individual return. Her husband, Harvel, was also employed in the business and has received regular compensation, but since

1969, financial considerations have necessitated not cashing some of his paychecks. Defendant also stated that her children, Ron, Madalyn, Jeanette and her daughter-in-law, Sue, also assisted in the business, but only Ron received regular compensation. In 1964 or 1965, Ron purchased a skeet and trap club, but she stated that the existence of the club saves the business considerable money because of the greater volume purchases available. Defendant further testified to the precarious financial condition of the business, and the fiduciary returns for the ten year period showed consistent losses from the operation of the business.

Ill. Rev. Stat. 1971, ch. 110, sec. 57(3), states that a judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." The courts have looked upon the granting of summary judgment in a proper case as a salutary development and an important tool in the administration of justice. The use of the summary judgment procedure is to be encouraged because "The benefits of summary judgment inure not only to the litigants, in the saving of time and expenses, but to the community in avoiding congestion of trial calendars and the expenses of unnecessary trials. *Allen v. Meyer*, 14 Ill.2d 284, 291, 152 N.E.2d 576.

Plaintiff seeks to surcharge defendant for certain losses and misappropriations, but except for an insurance loss incurred during the administration of the estate for which defendant was clearly not at fault, allegations in this regard fail to state specific facts and are entirely conclusionary. Obviously, plaintiff is not an austute business woman, and the business was not very profitable, but under the broad language of the Will trustees are not to be held accountable for errors in judgment.

The mere fact that the business was run as a family affair does not support allegations of misappropriation of business assets. Indeed, this was a family operation at the time of decedent's death, and such a close knit operation with all members contributing is the only way for this business to survive—a conclusion buttressed by the report of the appraisers:

> "It is our conclusion that the sales volume * * * does not generate sufficient gross profit to cover the required overhead and salaries of a business having the number of hours of opening that this business does demand. The business is run with too little working capital * * * to justify any operation other than a closely knit family operation."

Plaintiff also attempts to conclude business misappropriations from the existence of Ron Darnall's operation of a trap and skeet club. Quite

to the contrary, the club was run on his own time, and its operation was complimentary and not in competition with the business—actually increasing sales of ammunition and guns by the business and enabling the store to take advantage of quantity discounts.

Plaintiff further concludes misappropriations from the form of compensation taken by defendant. From 1961 to 1968 defendant received $75 weekly and after 1968, her compensation came entirely from notary and license fees, the yearly amounts varying from $1500 to $5000 yearly —sums that can by no means be considered excessive for the amount of work contributed. The other salaries were likewise not excessive and the propriety of Harvel Darnall's uncashed checks as a continuing liability of the business is also accepted by the appraiser's report as appropriate. The reasonableness of the salaries and the employees retained is further substantiated by the broad language of the Will, and the fact that plaintiff has received no financial injury in that regard. Likewise, plaintiff has suffered no pecuniary loss from the defendant's purchase of her cotrustee's share in 1965, and any dispute as to the sufficiency of the consideration involved in that transaction is limited to the parties involved.

Plaintiff seeks to deny defendant compensation for her services, yet she does not request compensation for her services as trustee. Furthermore, plaintiff prays for an accounting. However, during the hearing on the motion for summary judgment plaintiff abandoned any requests for a further accounting than that provided by the fiduciary returns. A complete accounting was conceded by both parties to have been given, and that part of the relief was no longer pursued by plaintiff.

Plaintiff's complaint is predicated upon a maze of conclusions, as distinguished from allegations of fact. The record shows that there are no material issues of fact to be resolved, and since there was compliance with the Will provisions, defendant is entitled to a judgment as a matter of law. The judgment of the trial court is hereby affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.